UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

              -against-

**MEMORANDUM OF DECISION AND ORDER**
Cr No. 04-455 (ADS) (ARL)

STEVEN INGRASSIA, SLAVA VOLMAN,
NICHOLAS ANTONELLI,
JEFFREY BASSIN, CARL CUNZIO,
JOHN FLANAGAN, OTTO KOZAK,
ROBERT KOZAK, and
PATRICK MCFADDEN,

              Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK**
One Pierrepont Plaza
Brooklyn, New York 11201
    By:    Thomas Richard Fallati, Assistant U.S. Attorney

**JAMES J. DIPIETRO, ESQ.**
Co-counsel for defendant Jeffrey Bassin
186 Joralemon Street
Brooklyn, New York 11201

**STEVEN ROSS, ESQ.**
Co-counsel for defendant Jeffrey Bassin
270 Madison Avenue
Suite 1203
New York, New York 10016

**BECHTLE & MURPHY, ESQS.**
Attorneys for defendant Carl Cunzio
666 Old Country Road–Suite 210
Garden City, New York 11530
  By: Eugene W. Bechtle, Jr., Esq.

**CHARLES S. HOCHBAUM, P.C.**
Attorneys for defendant John Flanagan
44 Court Street, Suite 307
Brooklyn, NY 11201
  By: Charles Samuel Hochbaum, Esq.

**JOHN S. WALLENSTEIN, ESQ.**
Attorney for Robert Kozak
215 Hilton Avenue
PO Box 1200
Hempstead, NY 11551

**GROSSMAN & RINALDO**
Attorney for Otto Kozak
108-18 Queens Boulevard
Forest Hills, NY 11375
  By: Stuart J. Grossman, Esq.

**TIMOTHY J. McINNIS, ESQ.**
Attorney for Patrick McFadden
521 Fifth Avenue, Suite 1700
New York, New York 10175

**SPATT, District J.**

I. **Introduction**

  This case involves allegations of a "boiler room" securities fraud scheme involving principals and representatives of Donald & Co., a brokerage firm that was located in

Garden City, New York (the "firm"). Currently pending before the Court are several motions by one of the defendants, Carl Cunzio ("Cunzio" or the "Defendant"), in which defendant Patrick McFadden ("McFadden") also joins in. The motions include: (1) a motion to dismiss the indictment pursuant to Rule 7(c)(1) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") on the ground that it fails to provide the defendant with adequate notice of the offenses charged; (2) a motion pursuant to Fed. R. Crim. P. 7(f) for a Bill of Particulars; (3) a motion under Fed. R. Crim. P. 12 and 16 to comply with certain discovery obligations; and (4) a motion to compel the Government to furnish all relevant information concerning informants, confidential informants, witnesses, informers, confidential sources, sources of information, infiltrators, cooperating individuals, security informers or intelligence assets who participated in any way or who are material witnesses to any of the events charged in the indictment.

Also pending is a motion by the Government under the Crime Victims Rights Act, 18 U.S.C. § 3771, to notify the multiple victims of this crime by publication.

**II.     Summary of Alleged Facts**

On May 12, 2004, a thirteen count indictment was filed against Cunzio and McFadden along with Steven Ingrassia, Slava Volman, Nicholas Antonelli, Jeffrey Bassin, John Flanagan, Otto Kozak, and Robert Kozak (collectively the "Defendants"). The indictment charged the Defendants with Conspiracy to Commit Securities Fraud, Securities

Fraud, and Conspiracy to Commit Money Laundering. The defendants Ingrassia and Volman are also charged with one substantive count of Money Laundering. The indictment alleges that from May 1999 through July 2002, the Defendants devised and carried out a scheme to manipulate the market price of certain stocks that were traded on the NASDAQ Small Capitalization stock market and Over-the-Counter Bulletin Board market ("NASDAQ").

All of the Defendants were employed at Donald & Co. in Garden City, New York. Cunzio and McFadden were stock brokers, also referred to as "registered representatives," who purchased and sold securities for the firm's customers. Cunzio was employed at Donald & Co. from October 2000 to July 2002. McFadden was employed at Donald & Co. from January 2002 to May 2002. Both Cunzio and McFadden reported to defendants Steven Ingrassia and Slava Volman, who managed the Garden City office of Donald & Co. and supervised the stock brokers.

The "boiler room" or "pump and dump" scheme, as it is described in the Government's papers, involved acquiring and controlling large blocks of certain stocks. In such a scheme, large quantities of certain stocks were purchased by Donald & Co., then manipulated to inflate the price, and then sold to unwitting customers. Two stocks that the indictment alleges the Defendants used in this scheme were Elec Communications ("Elec") and the Classica Group, Inc ("Classica"). These two stocks, along with others, are referred

4

to in the indictment as the "House Stocks." A "house stock" is a term used for a stock that a firm has an incentive to market. The indictment alleges that the Defendants paid and accepted excessive and undisclosed commissions and payoffs as an incentive to induce customers to buy the House Stocks.

The indictment further alleges that the Defendants would manipulate the price of the House Stocks by: (1) making fraudulent representations; (2) using high pressure and deceptive sales tactics; (3) making unauthorized trades; (4) refusing to execute customer sale orders of House Stocks unless the sale was matched with a purchase of the same stock by another client; and (5) paying and accepting excessive and undisclosed commissions and payoffs as an incentive to induce customers to buy the House Stocks. These practices were not disclosed to the customers at the time of their purchase of House Stocks. Based on these allegations, the indictment charges the Defendants with conspiracy and two substantive counts of securities fraud.

The indictment lists ten separate overt acts that were committed in furtherance of the securities fraud conspiracy. Specifically, the indictment states that on October 11, 2001, Cunzio made a false and misleading statement to a Donald & Co. customer concerning the Classica stock. The indictment also states that on April 29, 2002, McFadden caused a sale of approximately 10,000 shares of Classica stock to be made in the account of a Donald & Co. customer.

In addition, the indictment charges the Defendants with conspiracy to launder the proceeds of the fraudulent scheme. The indictment alleges that Cunzio and McFadden, along with the other Defendants, conspired to engage in financial transactions with the knowledge that the funds were the proceeds of fraud and that the transactions were designed to conceal the nature and source of the funds. In particular, the indictment states that the Defendants would accumulate profits from the fraudulent scheme in investment accounts at Donald & Co. in their own names and in the names of friends and nominees.

## III. Discussion of the Defendant's Motions

### A. Motion to Dismiss the Indictment

A valid indictment must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); see United States v. Bustos de la Pava, 268 F.3d 157, 162 (2d Cir. 2001). An indictment must be specific enough to permit a defendant to prepare a defense, thereby conforming to the Sixth Amendment's requirement that a defendant "be informed of the nature and cause of the accusation." U.S. Const. amend. VI; United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999).

An indictment must also set forth the elements of the crime to insure that a defendant is not "convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." Russell v. United States, 369 U.S. 749, 770 (1962). This

can be accomplished by tracking the language of the statute. See United States v. Bagaric, 706 F.2d 42, 61 (2d Cir. 1983).

As for factual allegations, the Second Circuit has "repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity." United States v. McClean, 528 F.2d 1250, 1257 (2d Cir. 1976). Defendants who seeks to challenge the specificity of the indictment must alert the court in detail as to those particular portions that are lacking and explain why greater specificity is required. United States v. Crowley, 236 F.3d 104, 106 (2d Cir. 2000).

Here, Cunzio contends that he made thousands of trades while employed at Donald & Co. and the only mention of him in the indictment states that he made false and misleading statements to Donald & Co. customers with regard to Classica stock. Cunzio states that during the time period covered in the indictment, he traded thousands of stocks for hundreds of clients. Cunzio argues that he cannot understand what act or acts form the basis of the other claims made by the Government.

    1.  **As to the Securities Fraud**

The indictment charges the Defendants with conspiracy to commit securities fraud and two substantive counts of securities fraud. The elements of a conspiracy are: (1) an agreement with another to commit an offense; (2) knowledge that he engaged in the conspiracy with the "specific intent to commit the offenses that were the objects of the

conspiracy"; and (2) an overt act in furtherance of the conspiracy. U.S. v. Monaco, 194 F.3d 381, 386 (2d Cir. 1999); United States v. Salameh, 152 F.3d 88, 145–46 (2d Cir. 1998). Section 78j of Title 15 of the United States Code prohibits the use of any manipulative or deceptive device or contrivance in connection with the purchase or sale of any security registered on a national securities exchange. 15 U.S.C. § 78j (2005); accord 17 C.F.R. § 240.10b-5 (2005).

In U.S. v. Sullivan, 2004 WL 253316, at *3 (S.D.N.Y. 2004), the court declined to uphold a challenge to the facial validity of an indictment charging conspiracy to commit securities fraud and securities fraud. In that case the defendant challenged the validity of the indictment because it failed to specifically state the false statement that was the basis of the indictment. In response, the court stated that an indictment merely needs to track the language of the statute and allege the facts essential to the crime. The court refused to dismiss the indictment for failing to allege the actual false statements that were made by the defendant. The court noted that the indictment need only identify the circumstances of the statement, such as the time and place of the transaction, and the particular subject matter involved in the statement to be sufficient. See id. at *6 (citing United States v. Bernstein, 533 F.2d 775 (2d Cir. 1976)).

Here, the indictment clearly states all the elements and factual allegations necessary to charge the Defendants with conspiracy to commit securities fraud and securities fraud.

The indictment tracks the language of the statute by stating that the Defendants "did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances . . . in connection with the purchase and sales of the House Stock and other securities . . . ." The indictment also alleges that the Defendants committed the substantive act by using deceptive tactics in connection with Elec and Classica stock.

The indictment further sets forth the course and conduct of the scheme. It states that the Defendants would manipulate the "house stocks" through fraudulent representations, deceptive sales tactics, unauthorized trades and refusals to execute customer sale orders. The intent requirement is satisfied through the indictment's allegation that, the firm paid, and the brokers accepted, excessive and undisclosed commissions and payoffs as an incentive to induce customers to buy the "house stocks." As for an overt act, the indictment states that on October 11, 2001, Cunzio made false and misleading statements to a Donald & Co. customer concerning the Classica "house" stock. Similarly, on April 29, 2002, Patrick McFadden is alleged to have caused the sale of 10,000 shares of Classica stock in the account of a Donald & Co. customer.

The Court finds that the acts stated in the indictment adequately notify the Defendants of the time, place, and substance of the alleged false and deceptive acts. Moreover, the allegations in the indictment not only track the language of the statute, but

9

sufficiently allege each element of the conspiracy and substantive crime of securities fraud. Accordingly, the motion to dismiss the indictment as to the securities fraud charges is denied.

### 2. As to Money Laundering

Cunzio, along with other Defendants, are charged with conspiracy to lauder money. The indictment alleges that the Defendants "did knowingly and intentionally conspire to conduct and attempt to conduct financial transactions . . . which in fact involved the proceeds of specified unlawful activity, to wit: securities fraud . . . ." Section 1956(a)(1)(A)(i) of Title 18 of the United States Code prohibits anyone from conducting or attempting to conduct a financial transaction that involves the proceeds of a specified unlawful activity when that person knows that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. Id.

The Court finds that the indictment not only tracks the language of the statute but also alleges the means by which the money laundering conspiracy was carried out. Specifically, the indictment states that the Defendants would accumulate the profits of the fraudulent scheme in investment accounts held at Donald & Co. These accounts were held in their own name and in the names of nominees and friends. The money was placed in those accounts with the intent of concealing

the profits. Accordingly, the motion to dismiss the money laundering conspiracy count is denied.

### B.     Motion for a Bill of Particulars

Cunzio and McFadden seek a bill of particulars and have attached a Demand for Bill of Particulars that requests specific information about the manipulative and deceptive acts and practices of Cunzio. Rule 7(f) "permits the defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, [and] to prevent surprise . . . ." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Oskowitz, 294 F. Supp. 2d 379 (E.D.N.Y 2003).

To obtain a bill of particulars, the defendant must show that the charges of the indictment are so general that they do not advise him of the specific acts of which he is accused. See United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). The decision to grant or deny a defendant's request for a bill of particulars is within the sound discretion of the trial court. United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

As the Second Circuit has stated in Torres:

The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial. A bill of particulars

11

> should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. Whether to grant a bill of particulars rests within the sound discretion of the district court. <u>Acquisition of evidentiary detail is not the function of the bill of particulars</u>. So long as the defendant was adequately informed of the charges against him and was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, the trial court has not abused its discretion.

<u>Torres</u>, 901 F.2d at 234 (quotations and citations omitted) (emphasis added).

The Court finds that the Indictment is sufficiently specific as to the essential elements of the allegations charged in the indictment. Accordingly, the motion for a bill of particulars is denied.

### C. Motions to comply with discovery under Fed. R. Crim. P. 12 and 16

Cunzio believes that there remains a number of items that the Government has failed to produce during discovery. The items include personal papers and documents, employment records, and payroll records. Cunzio also seeks an order directing the Government to identify "all informants, operatives, witnesses and cooperating individuals." Furthermore, Cunzio's motion also asks for plea agreements, prior inconsistent statements, pretrial services reports and other items. Cunzio argues that this material is essential in his defense because he may be the unwitting victim of the conduct of principals and other persons for whom he worked and otherwise conducted business.

The Government states that it intends to comply with its obligations to produce material pursuant to the "Jenks Act," and <u>Giglio</u>, and <u>Brady</u> material, in advance of the trial.

However, the Government contends that there is no basis for the defendant's instant request. Moreover, the Government states that the information requested goes well beyond what is required to be disclosed under the Jenks Act and Giglio and would amount to a roadmap of its case.

Under the Federal Rules of Criminal Procedure a defendant is not automatically entitled to a list of the Government's witnesses prior to trial. See <u>United States v. Bejasa</u>, 904 F.2d 137, 139 (2d Cir. 1990). The court has discretion to order pretrial disclosure of the identity of the Government's witnesses. See <u>United States v. Cannone</u>, 528 F.2d 296, 300 (2d Cir. 1975). "A defendant is entitled to disclosure of the Government's witnesses only if he makes 'a specific showing that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case.'" <u>U.S. v. Ojeikere</u>, 299 F. Supp.2d 254, 258 (S.D.N.Y. 2004); (quoting <u>Cannone</u>, 528 F.2d at 301).

Here, the Defendants state that they need the witness list because they are innocent, unwitting victims of the conduct of the principals and other persons who they worked with at Donald & Co. The Defendants contend that the information is essential in the preparation of their defense.

After review of all the charges in the indictment, the Court finds that the Defendants are entitled to a witness list. This matter involves non-violent white-collar charges based in

large part on false filings and statements. The Government's interest in protecting the identity of prospective witnesses prior to trial is not present considering the non-violent nature of the alleged crimes. Further, the preparation of defense is likely to be complex and difficult due to the vase numbers of records and potential witnesses involved in this case. Without a witness list, the Defendants would have to interview potentially hundreds of past employees and other individuals who might testify about the alleged criminal conduct in this case.

At the Court's oral rendering of this decision and order, the Court ordered the Government to produce the witness list within ten days. The Court now amends that decision to allow the Government additional time to prepare the witness list. Accordingly, the Government is ordered to produce its witness list within thirty days of the date of this order.

In order to receive information on confidential informants and cooperating individuals, the defendant must show that absent disclosure, the defendant will be deprived of his right to a fair trial. See United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997). It is well-settled that the Government is not required to identify a confidential informant "unless the informant's testimony is shown to be material to the defense." United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988). In order to demonstrate such materiality, the defendant

must show more than the fact that "the informant was a participant in and witness to the crime charged." Id.; see also Ojeikere, 299 F. Supp.2d at 261–62.

Here, the defendant's proffered explanation as to why he needs the requested information on cooperating individuals and informants is insufficient. The defendant merely states that the Government's witnesses likely participated in the charged scheme. This bare assertion is insufficient to order the Government to produce this confidential informant information. Accordingly, the motion is denied without prejudice.

## IV.    CONCLUSION

Having reviewed the submissions of the parties, it is hereby

**ORDERED**, that the Defendants' motion to dismiss the indictment is DENIED; and it is further

**ORDERED**, that the Defendants' motion to grant a bill of particulars is DENIED; and it is further

**ORDERED**, that the Defendants' motion to comply with discovery under Fed. R. Crim. P. 12 and 16 is DENIED in part and GRANTED in part as set forth in this order.

**SO ORDERED**
Dated: Central Islip, New York
      May 4, 2005

                                                    */s/ Arthur D. Spatt*
                                                 ARTHUR D. SPATT
                                           United States District Judge